UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Philice Scovell
10120 Waynecrest Lane
Santee, California, 92071
Scovellphilice@icloud.com
Pro Se

**FILED**

Aug 07 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ WilliamAlarcon          DEPUTY

'26 CV 4523 JO    JLB

PHILICE SCOVELL,
Plaintiff,
v.
NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK;
UNIVERSAL PROTECTION SERVICES, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES;
LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY;
and DOES 1 through 50, inclusive,
Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(1) Violation of the Americans with Disabilities Act
(2) Disability Discrimination
(3) Failure to Provide Reasonable Accommodation
(4) Negligence
(5) Premises Liability
(6) Negligent Hiring, Supervision, and Training
(7) Intentional Infliction of Emotional Distress
(8) Other Related Claims According to Proof

JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

1    Plaintiff Philice Scovell brings this action against Defendants arising from repeated incidents involving transportation services, transportation facilities, and security personnel in which Plaintiff alleges she was denied equal access, reasonable accommodation, and safe treatment despite being a disabled passenger.

2    Plaintiff is a disabled individual with significant mobility limitations who requires reasonable accommodation when accessing transportation services and facilities.

3    Plaintiff alleges that Defendants, their employees, agents, and contractors were placed on notice of Plaintiff's disability, Plaintiff's need for accommodation, and Plaintiff's complaints regarding the treatment Plaintiff received.

4    Plaintiff alleges that despite repeated notice, complaints, and submission of video evidence documenting the events, the conduct described herein continued.

5    Plaintiff brings this action to seek accountability, damages for injuries suffered, and relief for violations of Plaintiff's rights.

## II. JURISDICTION AND VENUE

6    This action arises under federal law, including the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

7    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents federal questions.

8    This Court also has supplemental jurisdiction over related state law claims arising from the same facts and circumstances.

9    Venue is proper in this District because Plaintiff resides in this District and substantial events giving rise to Plaintiff's claims occurred within the Southern District of California.

## III. PARTIES

10    Plaintiff Philice Scovell is an individual residing in San Diego County, California.

11    Plaintiff is a disabled person within the meaning of applicable disability laws.

12    Defendant National Railroad Passenger Corporation d/b/a Amtrak is a transportation provider operating passenger rail services in California and throughout the United States.

13    Defendant Universal Protection Services, LP d/b/a Allied Universal Security Services provides private security services at transportation facilities, including locations relevant to Plaintiff's allegations.

14    Defendant Los Angeles County Metropolitan Transportation Authority ("LA Metro") operates and manages public transportation services and facilities.

15    Plaintiff is presently unaware of the true names and capacities of DOES 1 through 50 and will amend this Complaint when their identities become known.

16    Plaintiff alleges that each Defendant was responsible for the acts and omissions alleged herein through their employees, agents, contractors, or representatives.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

V. GENERAL ALLEGATIONS

Plaintiff incorporates all preceding allegations as though fully set forth herein.

Plaintiff alleges that the incidents described in this Complaint were part of a continuing course of conduct involving transportation facilities, security personnel, and transportation providers.

Plaintiff alleges that Defendants were repeatedly placed on notice of Plaintiff's disability, medical limitations, and need for reasonable accommodation.

Plaintiff alleges that Plaintiff was a legitimate passenger using transportation services and was not present at transportation facilities for unlawful or improper purposes.

Plaintiff alleges that Plaintiff possessed valid transportation tickets and was attempting to access transportation services when the incidents occurred.

Plaintiff alleges that Plaintiff repeatedly informed Defendants' employees, agents, and representatives that Plaintiff was disabled and required consideration of disability-related limitations.

Plaintiff alleges that Defendants failed to reasonably consider Plaintiff's disability and failed to provide reasonable accommodation despite repeated notice.

Plaintiff alleges that Plaintiff was treated differently from other passengers and individuals who were permitted to remain in transportation waiting areas for extended periods of time.

Plaintiff alleges that Plaintiff preserved evidence of the incidents, including original video recordings recorded on Plaintiff's iPhone and maintained through Plaintiff's iCloud account and iMac computer.

Plaintiff alleges that the video recordings document interactions with security personnel, transportation personnel, and other individuals involved in the incidents described herein.

Plaintiff alleges that Plaintiff provided complaints and notice to responsible entities, including LA Metro, regarding the conduct, individuals involved, dates, locations, and supporting video evidence.

Plaintiff alleges that despite receiving notice and evidence, Defendants failed to adequately investigate, correct, or prevent the continued conduct.

Plaintiff alleges that the repeated incidents caused significant emotional distress, fear, humiliation, and worsening of Plaintiff's existing trauma-related symptoms.

Plaintiff alleges that Defendants' actions and failures to act resulted in physical injuries, emotional injuries, financial losses, and other damages according to proof.

Plaintiff alleges that Defendants owed duties to provide transportation-related services and facilities in a safe, nondiscriminatory manner and to comply with applicable disability access laws.

Plaintiff alleges that Defendants breached those duties, causing harm and damages to Plaintiff.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ADDITIONAL GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

(December 22, 2025 Incident)

Plaintiff incorporates all prior allegations as though fully set forth herein.

On or about December 22, 2025, Plaintiff was traveling through Los Angeles Union Station for a legitimate transportation purpose and was attempting to reach Oceanside, California. Plaintiff had valid transportation tickets and was traveling by Metrolink and Amtrak-related transportation services.

Plaintiff was delayed after arriving on a Metrolink train from Lancaster, California, which caused Plaintiff to miss her scheduled connecting train to Oceanside.

After missing the connection, Plaintiff remained at Los Angeles Union Station while waiting for transportation options and assistance.

Plaintiff remained lawfully present in the transportation facility while attempting to continue her travel.

At approximately 1:00 a.m., while Plaintiff was waiting in the LA Metro waiting area, Allied Universal Security Services personnel approached Plaintiff regarding her presence at the station.

Plaintiff alleges that prior to being removed from the waiting area, Allied Universal security personnel repeatedly approached, questioned, and harassed Plaintiff over a period of several hours.

Plaintiff informed Allied Universal personnel that Plaintiff was disabled and had medical limitations affecting mobility and endurance.

Plaintiff alleges that despite being informed of Plaintiff's disability and legitimate transportation circumstances, Allied Universal personnel failed to provide reasonable consideration or accommodation.

Plaintiff alleges that approximately four to five Allied Universal security guards were involved in or present during the interaction.

Plaintiff alleges that Allied Universal personnel ultimately required Plaintiff to leave the indoor waiting area and forced Plaintiff outside despite Plaintiff's disability and transportation circumstances.

Plaintiff alleges that the incident resulted in Plaintiff being stranded at the station and caused significant emotional distress, fear, humiliation, and hardship.

Plaintiff recorded portions of this incident, and the video evidence contains original date and time information documenting the events occurring on or about December 22, 2025.

Plaintiff alleges that this incident was the beginning of a continuing course of conduct involving Allied Universal personnel and transportation facilities.

ADDITIONAL GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

Plaintiff incorporates all prior allegations as though fully set forth herein.

Plaintiff alleges that the following events occurred during Plaintiff's attempts to access and utilize public transportation services while Plaintiff was disabled and using mobility devices. Plaintiff alleges that Defendants and their employees, agents, and representatives were repeatedly informed of Plaintiff's disability-related limitations and need for reasonable accommodation.

December 22, 2025 – Los Angeles Union Station
On or about December 22, 2025, Plaintiff was traveling through Los Angeles Union Station while attempting to complete transportation to Oceanside.
Plaintiff missed a connecting Metrolink train due to a delay involving a train arriving from Lancaster.

After missing the connection, Plaintiff remained at Los Angeles Union Station while waiting for transportation options.

Plaintiff alleges that while Plaintiff was in the Metro waiting area, Allied Universal Security Services guards approached Plaintiff.

Plaintiff alleges that approximately four to five Allied Universal guards confronted Plaintiff and required Plaintiff to leave the waiting area.

Plaintiff informed Allied Universal personnel that Plaintiff was disabled and was stranded after missing a transportation connection.

Plaintiff alleges that Allied Universal personnel removed Plaintiff from the waiting area despite Plaintiff's disability and circumstances.

December 23, 2025 – Los Angeles Union Station
On or about December 23, 2025, Plaintiff remained at or returned to Los Angeles Union Station while attempting to obtain transportation.
Plaintiff alleges that Allied Universal Security Services personnel forced Plaintiff outside of the station into approximately 32-degree weather.
Plaintiff alleges that Plaintiff remained outside for approximately five and one-half hours.
Plaintiff alleges that Plaintiff was using a mobility device and had informed personnel of Plaintiff's disability.
Plaintiff alleges that LAPD Officer Rivera responded and Plaintiff informed Officer Rivera of Plaintiff's disability and ADA rights.
Plaintiff alleges that Officer Rivera stated that he did not care about Plaintiff's ADA rights and threatened that Plaintiff would be arrested if Plaintiff did not leave.
Plaintiff alleges that Plaintiff had valid Amtrak and Metrolink transportation tickets at the time.
Plaintiff alleges that the conduct caused physical hardship, emotional distress, fear, and humiliation.

## ADDITIONAL GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

December 25, 2025 – Santa Fe Depot, San Diego

On or about December 25, 2025, Plaintiff was present at Santa Fe Depot in San Diego. Plaintiff alleges that an Amtrak employee contacted Allied Universal Security Services regarding Plaintiff.

Plaintiff alleges that an Allied Universal guard responded and continued the interaction.

Plaintiff alleges that the Allied Universal guard was a Black male approximately in his late forties or fifties and that Plaintiff does not know his name.

Plaintiff alleges that Plaintiff informed the individuals involved that Plaintiff was disabled.

Plaintiff alleges that the Allied Universal guard stated that he did not care about Plaintiff's disability.

Plaintiff alleges that the conduct caused Plaintiff emotional distress, humiliation, and fear.

January 14, 2026 – Santa Fe Depot, San Diego

On or about January 14, 2026, Plaintiff was at Santa Fe Depot while attempting to use Amtrak transportation.

Plaintiff had a valid Amtrak ticket.

Plaintiff alleges that Amtrak employees directed Plaintiff to an area designated for bicycles despite Plaintiff using a wheelchair.

Plaintiff informed Amtrak employees that Plaintiff did not want to remain in that area because it was not an appropriate accommodation.

Plaintiff alleges that Plaintiff's seat was later changed to another car where the seat was broken and would not recline.

Plaintiff requested reasonable accommodation due to Plaintiff's cervical and spinal injuries and explained that Plaintiff could not safely remain in the seat.

Plaintiff alleges that Amtrak employees refused to provide the requested accommodation. Plaintiff alleges that Plaintiff missed the first train and waited to board a later train at approximately 8:00 a.m.

Plaintiff alleges that the same issue occurred again, with Plaintiff being placed in an area designated for bicycles.

## ADDITIONAL GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

January 16, 2026 – Los Angeles Union Station

On or about January 16, 2026, Plaintiff was present at Los Angeles Union Station using a powered wheelchair.

Plaintiff alleges that Plaintiff's wheelchair battery required charging in order for Plaintiff to safely reach the train platform.

Plaintiff alleges that Allied Universal personnel unplugged Plaintiff's wheelchair while Plaintiff was charging it.

Plaintiff informed Allied Universal personnel that a previous supervisor had contacted maintenance and Plaintiff was told it was acceptable to charge the wheelchair before boarding the train.

Plaintiff explained that Plaintiff would not have been able to reach the platform if the wheelchair battery became depleted.

Plaintiff alleges that Allied Universal personnel interfered with Plaintiff's ability to maintain mobility and safely access transportation.

January 29, 2026 – Santa Fe Depot, San Diego

On or about January 29, 2026, Plaintiff was present at Santa Fe Depot while waiting for the trolley.

Plaintiff was using a powered wheelchair.

Plaintiff needed to use the restroom while waiting for transportation.

Plaintiff alleges that both an Allied Universal Security Services employee and an Amtrak employee denied Plaintiff access to the restroom.

Plaintiff informed both employees that Plaintiff was disabled and required access.

Plaintiff alleges that despite notice of Plaintiff's disability, Plaintiff was denied access.

Plaintiff alleges that the incident caused distress, inconvenience, and humiliation.

January 31, 2026 – February 1, 2026 – Los Angeles Union Station

On or about January 31, 2026, Plaintiff was present at Los Angeles Union Station with a valid Amtrak ticket.

Plaintiff was attempting to resolve a ticket issue before traveling.

Plaintiff alleges that Allied Universal personnel required Plaintiff to leave the waiting area.

Plaintiff attempted to obtain assistance from Amtrak regarding the ticket.

Plaintiff alleges that an Amtrak employee observed Plaintiff waiting in line and, when Plaintiff approached the ticket window, the window closed.

Plaintiff believes the closure prevented Plaintiff from obtaining assistance.

Plaintiff was unable to resolve the issue and remained at the station until the following morning.

Plaintiff alleges that an Allied Universal guard stated that Plaintiff's Amtrak ticket needed to have a departure time between approximately 1:00 a.m. and 4:00 a.m. in order for Plaintiff to remain inside the station.

Plaintiff had an Amtrak ticket for approximately 6:00 a.m.

Plaintiff alleges that Plaintiff was not allowed to remain in the waiting area despite having valid transportation.

ADDITIONAL GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

April 29, 2026 – April 30, 2026 – Amtrak Train 422 Texas Eagle / Los Angeles Union Station

On or about April 29, 2026, Plaintiff departed Santa Fe Depot in San Diego on Amtrak Train 422 at approximately 4:11 p.m.

Plaintiff was traveling to Los Angeles Union Station to connect to another Amtrak train traveling to Chicago.

When purchasing the ticket, Plaintiff identified as a passenger with a disability using a mobility device.

Plaintiff alleges that the train arrived in Los Angeles significantly later than scheduled.

When Plaintiff attempted to board the connecting train, Plaintiff requested access to the lower-level seating area because of Plaintiff's disability and mobility limitations.

Plaintiff alleges that the conductor refused to allow Plaintiff to remain in the lower-level area and stated that Plaintiff needed to climb stairs to the upper level.

Plaintiff explained that Plaintiff could not safely climb the stairs due to Plaintiff's disabilities and spinal injuries.

Plaintiff alleges that the conductor stated Plaintiff would be removed from the train if Plaintiff did not comply.

Plaintiff alleges that approximately eight lower-level seats appeared available.

Plaintiff alleges that the conductor stated Plaintiff did not have a lower-level reservation and that the seats were reserved for future passengers.

Plaintiff alleges that Coach Assistant Thomas and the conductor repeatedly instructed Plaintiff to leave the train.

Plaintiff alleges that Amtrak Police Officer Miranda was called and removed Plaintiff from the train.

After being removed from the train, Plaintiff fell on the platform while the conductor witnessed the fall.

Plaintiff alleges that the conductor questioned why Plaintiff fell and then left.

Plaintiff alleges that Allied Universal personnel then confronted Plaintiff and questioned the validity of Plaintiff's Amtrak ticket.

Plaintiff attempted to resolve the ticket issue while injured and distressed.

Plaintiff alleges that the Amtrak ticket window closed before Plaintiff could obtain assistance.

Plaintiff alleges that Amtrak Manager Ms. Davis later informed Plaintiff that the ticket had been cancelled and was no longer valid.

Plaintiff alleges that the ticket remained valid through approximately May 2, 2026.

Plaintiff was required to purchase alternative transportation, including an airline ticket to Chicago in the approximate amount of $492.

Plaintiff alleges that all of these incidents were recorded on video using Plaintiff's iPhone. The recordings retain their original date and time information and have been preserved in their original form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## V. PLAINTIFF'S DISABILITY AND NEED FOR ACCOMMODATION

17    Plaintiff Philice Scovell is a disabled individual with significant physical limitations affecting mobility, access, and endurance.

18    Plaintiff has longstanding medical conditions affecting Plaintiff's ability to stand, walk, travel, and remain in transportation environments without appropriate consideration and accommodation.

19    Plaintiff requires reasonable accommodation when accessing transportation services, facilities, and waiting areas.

20    Plaintiff repeatedly informed security personnel, transportation personnel, and responding law enforcement personnel that Plaintiff was disabled.

21    Plaintiff alleges that her disability was known or should have been apparent to Defendants through Plaintiff's communications, visible mobility limitations, use of mobility assistance devices, and repeated requests for assistance.

22    Plaintiff alleges that despite receiving notice of Plaintiff's disability, Defendants failed to reasonably consider Plaintiff's disability-related needs and failed to provide reasonable accommodation.

23    Plaintiff recorded many of the incidents described in this Complaint using an iPhone. The recordings contain original dates and have been preserved by Plaintiff on Plaintiff's iPhone, iCloud account, and iMac computer.

24    Plaintiff alleges the video evidence documents the interactions between Plaintiff and Defendants' employees, agents, and representatives.

## V. FACTUAL ALLEGATIONS REGARDING LOS ANGELES UNION STATION AND ALLIED UNIVERSAL

25    Beginning in December 2025, Plaintiff experienced repeated incidents at Los Angeles Union Station involving security personnel employed by or associated with Defendant Universal Protection Services, LP d/b/a Allied Universal Security Services.

26    Plaintiff was present at Los Angeles Union Station for legitimate transportation purposes and possessed valid transportation tickets for Amtrak and/or Metrolink services.

27    Plaintiff alleges Allied Universal security personnel repeatedly approached Plaintiff while Plaintiff was waiting for transportation.

28    Plaintiff informed Allied Universal personnel that Plaintiff was disabled and had physical limitations.

29    Plaintiff alleges Allied Universal personnel repeatedly questioned Plaintiff's presence at the station and directed Plaintiff to leave the waiting area.

30    Plaintiff alleges Allied Universal personnel relied upon a posted waiting-area time limitation while failing to consider Plaintiff's disability-related circumstances and need for reasonable accommodation.

31    Plaintiff alleges that she observed other passengers remaining in the waiting area for extended periods while Plaintiff was repeatedly approached, questioned, and removed.

32    Plaintiff alleges the same or substantially similar security personnel were involved in repeated encounters over multiple dates.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA


## VI. LAPD TRANSIT SERVICES DIVISION RESPONSE AND ADA REQUESTS

38   During certain incidents involving transportation facilities and Plaintiff's interactions with security personnel, Los Angeles Police Department officers assigned to Transit Services Division (TSD) responded to calls for service.

39   Plaintiff alleges that the responding officers included Officer Rivera, Officer Perez, Officer Ponce, Officer Olsten, and Officer Kenoke.

40   Plaintiff alleges that the responding officers were informed that Plaintiff was disabled.

41   Plaintiff informed the officers that Plaintiff had ADA-related concerns and requested consideration of Plaintiff's disability-related needs.

42   Plaintiff alleges that Plaintiff repeatedly advised officers of her disability, medical limitations, and need for accommodation.

43   Plaintiff alleges that despite receiving notice of Plaintiff's disability, officers directed Plaintiff to leave the transportation facility or waiting area.

44   Plaintiff alleges that Officer Rivera stated that he would not address Plaintiff's ADA concerns and informed Plaintiff that she could be arrested if she did not leave.

45   Plaintiff alleges these statements and interactions were recorded on video.

46   Plaintiff alleges that officers relied upon representations made by security personnel regarding Plaintiff's presence at the station, including allegations that Plaintiff was loitering, despite Plaintiff possessing valid Amtrak and Metrolink transportation tickets.

47   Plaintiff alleges that Plaintiff was not loitering and was present for legitimate transportation purposes.

48   Plaintiff alleges that the actions of the responding officers contributed to Plaintiff being removed from the transportation environment without reasonable consideration of Plaintiff's disability-related needs.

49   Plaintiff is not currently naming the Los Angeles Police Department or the individual officers as defendants in this action but includes these events as factual background regarding the circumstances surrounding Plaintiff's claims against the named Defendants.

50   Plaintiff alleges that the involvement of law enforcement occurred after repeated interactions with security personnel and after Defendants had notice of Plaintiff's disability and circumstances.

## VII. COLD WEATHER EXPOSURE AND RESULTING INJURY

51   During one incident at or near Los Angeles Union Station, Plaintiff alleges that she was required to remain outside in approximately 32-degree weather for approximately five and one-half hours.

52   Plaintiff alleges that this occurred while Plaintiff was attempting to access transportation services and while dealing with actions taken by security personnel.

53   Plaintiff alleges that Defendants failed to reasonably consider Plaintiff's disability, mobility limitations, and medical needs.

54   Plaintiff suffered physical injuries and medical complications following this exposure, including symptoms consistent with frostbite.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VIII. LA METRO NOTICE, COMPLAINTS, AND GOVERNMENT CLAIM

56    Plaintiff alleges that Defendant Los Angeles County Metropolitan Transportation Authority ("LA Metro") was placed on notice of the conduct described in this Complaint beginning in or around December 2025.

57    Plaintiff contacted LA Metro regarding the treatment Plaintiff experienced at transportation facilities and reported concerns regarding security personnel conduct, disability-related issues, and repeated encounters involving Plaintiff.

58    Plaintiff provided information regarding the incidents, including dates, locations, individuals involved, and supporting video evidence.

59    Plaintiff submitted video evidence documenting interactions between Plaintiff and security personnel through LA Metro's reporting channels.

60    Plaintiff alleges that despite receiving Plaintiff's complaints and supporting evidence, LA Metro failed to provide Plaintiff with a meaningful response, investigation, or corrective action.

61    Plaintiff alleges that LA Metro was aware, or should have been aware, of Plaintiff's allegations concerning repeated treatment by security personnel at its facilities.

62    On or about May 7, 2026, Plaintiff submitted a Government Claim to LA Metro regarding the injuries and damages arising from the incidents described herein.

63    Plaintiff's Government Claim identified the nature of the incidents, the dates involved, the individuals involved, and the damages claimed.

64    Plaintiff alleges that LA Metro did not issue a written rejection of Plaintiff's Government Claim within the applicable period.

65    Plaintiff alleges that after providing notice to LA Metro, similar conduct continued, including further interactions involving some of the same security personnel.

66    Plaintiff alleges that LA Metro had the opportunity to investigate, address, and prevent continued conduct after receiving notice of Plaintiff's complaints and evidence.

67    Plaintiff alleges that LA Metro's failure to take appropriate action contributed to the continued harm experienced by Plaintiff.

IX. AMTRAK INCIDENT — APRIL 29–30, 2026

68    On or about April 29–30, 2026, Plaintiff traveled on Amtrak using a valid transportation ticket.

69    Plaintiff was a paying passenger using Amtrak transportation services.

70    Plaintiff alleges that Amtrak personnel were aware of Plaintiff's mobility limitations and disability-related needs.

71    Plaintiff informed Amtrak personnel of Plaintiff's physical limitations and need for appropriate consideration.

72    Plaintiff alleges that Amtrak personnel failed to reasonably accommodate Plaintiff's disability-related needs.

73    Plaintiff alleges that Plaintiff was removed from the train despite being a valid ticketed passenger.

74    Plaintiff alleges that after being removed from the train, Plaintiff fell on the platform area.

75    Plaintiff suffered injury, including injury to Plaintiff's left hip, and continues to seek

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

medical evaluation and treatment.

76    Plaintiff alleges that Amtrak personnel were aware of Plaintiff's fall and condition following the incident.

77    Plaintiff alleges that despite Plaintiff's injury and circumstances, the train departed while Plaintiff remained on the platform.

78    Plaintiff alleges that this incident caused physical injury, emotional distress, and additional trauma.

79    Plaintiff possesses video evidence and other documentation relating to this incident.

X. CLAIMS FOR RELIEF
FIRST CAUSE OF ACTION
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(Failure to Provide Equal Access and Reasonable Accommodation)
(Against Applicable Defendants)

80    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

81    Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

82    Plaintiff was entitled to equal access to transportation services, facilities, and programs provided by Defendants.

83    Plaintiff alleges that Defendants knew or should have known of Plaintiff's disability through Plaintiff's communications, visible limitations, requests for assistance, and repeated notice.

84    Plaintiff alleges that Defendants failed to provide reasonable modifications, accommodations, and equal access to transportation services and facilities.

85    Plaintiff alleges that Defendants enforced policies and procedures against Plaintiff without properly considering Plaintiff's disability-related circumstances.

86    Plaintiff alleges that Defendants' actions and failures denied Plaintiff meaningful access to transportation services and facilities.

87    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including physical injuries, emotional distress, and other damages according to proof.

SECOND CAUSE OF ACTION
DISABILITY DISCRIMINATION UNDER CALIFORNIA LAW
(Against Applicable Defendants)

88    Plaintiff incorporates by reference all preceding paragraphs.

89    Plaintiff is a person with disabilities protected under California disability rights laws.

90    Plaintiff alleges that Defendants denied Plaintiff equal access, services, accommodations, advantages, and privileges because of Plaintiff's disability.

91    Plaintiff alleges that Defendants treated Plaintiff differently from other similarly situated passengers and failed to reasonably accommodate Plaintiff.

92    Plaintiff alleges that Defendants' conduct interfered with Plaintiff's rights as a

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

disabled individual.

93   Plaintiff suffered damages as a result of Defendants' conduct.

THIRD CAUSE OF ACTION
NEGLIGENCE
(Against All Applicable Defendants)

94   Plaintiff incorporates by reference all preceding paragraphs.

95   Defendants owed Plaintiff duties of reasonable care, including the duty to provide safe transportation-related services, maintain safe environments, and act reasonably toward passengers and visitors.

96   Defendants owed additional duties to consider Plaintiff's known disability-related limitations and safety needs.

97   Plaintiff alleges that Defendants breached these duties by failing to act reasonably under the circumstances.

98   Plaintiff alleges Defendants failed to:

a. provide reasonable assistance and accommodation;
b. protect Plaintiff from foreseeable harm;
c. properly respond after receiving notice of Plaintiff's disability;
d. prevent unsafe removal or treatment of Plaintiff; and
e. take reasonable steps to prevent continued harm.

99   As a result of Defendants' negligence, Plaintiff suffered physical injuries, emotional distress, medical expenses, and other damages according to proof.

FOURTH CAUSE OF ACTION
PREMISES LIABILITY
(Against Applicable Defendants)

100  Plaintiff incorporates by reference all preceding paragraphs.

101  Defendants owned, operated, managed, controlled, maintained, or had responsibility for areas where Plaintiff was present.

102  Defendants owed Plaintiff a duty to maintain safe conditions and provide reasonable access to transportation facilities.

103  Plaintiff alleges that dangerous conditions, failures in supervision, and failures to reasonably accommodate Plaintiff contributed to Plaintiff's injuries.

104  Plaintiff alleges that Defendants knew or should have known of conditions affecting disabled passengers and failed to take reasonable corrective action.

105  Plaintiff suffered injury and damages as a result.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FIFTH CAUSE OF ACTION

NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION
(Against Applicable Defendants)

106   Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

107   Defendants owed duties to properly hire, train, supervise, monitor, and retain employees, agents, and contractors who interact with members of the public, including disabled passengers.

108   Defendants knew or should have known that their employees, agents, and contractors would interact with members of the public and disabled individuals requiring reasonable accommodation.

109   Plaintiff alleges that Defendants received notice of complaints regarding the conduct of security personnel and other representatives involved in the incidents described herein.

110   Plaintiff alleges that despite receiving notice of Plaintiff's complaints, Defendants failed to take reasonable steps to investigate, correct, supervise, discipline, train, or prevent continued misconduct.

111   Plaintiff alleges that the repeated conduct by certain employees, agents, and contractors demonstrated a failure of supervision, training, and oversight.

112   Plaintiff alleges that Defendants' failure to properly supervise and train their personnel contributed to the violations and injuries suffered by Plaintiff.

113   As a direct and proximate result of Defendants' negligent hiring, supervision, training, and retention, Plaintiff suffered physical injuries, emotional distress, financial losses, and other damages according to proof.

SIXTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Applicable Defendants)

114   Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

115   Plaintiff alleges that Defendants, through their employees, agents, and representatives, engaged in conduct that was extreme and outrageous under the circumstances.

116   Plaintiff alleges that Defendants knew or should have known that Plaintiff was disabled, had significant medical limitations, and required reasonable consideration and accommodation.

117   Plaintiff alleges that despite notice of Plaintiff's disability and circumstances, Defendants repeatedly subjected Plaintiff to conduct that caused humiliation, distress, fear, and emotional harm.

118   Plaintiff alleges that Defendants' conduct included repeatedly questioning Plaintiff's presence at transportation facilities, disregarding Plaintiff's disability-related needs, failing to provide reasonable accommodation, and causing Plaintiff to experience repeated stressful encounters.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

119    Plaintiff alleges that the conduct was not a single isolated event, but occurred repeatedly over time despite Plaintiff's complaints and notice provided to Defendants.

120    Plaintiff alleges that Defendants acted with reckless disregard of the probability that their conduct would cause Plaintiff severe emotional distress.

121    Plaintiff alleges that Defendants' conduct caused Plaintiff severe emotional distress, including worsening of existing trauma-related symptoms, fear, anxiety, humiliation, and emotional suffering.

122    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including emotional distress, physical symptoms, medical expenses, and other damages according to proof.

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE EQUAL ACCESS TO PUBLIC SERVICES AND TRANSPORTATION FACILITIES
(Against Applicable Defendants)

123    Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

124    Plaintiff alleges that Defendants provide transportation-related services, facilities, programs, or access to transportation environments available to members of the public.

125    Plaintiff alleges that Plaintiff was entitled to equal access, equal treatment, and meaningful participation in transportation services and facilities.

126    Plaintiff alleges that Defendants denied Plaintiff equal access by failing to reasonably modify policies, procedures, and practices to accommodate Plaintiff's disability-related needs.

127    Plaintiff alleges that Defendants enforced restrictions and requirements against Plaintiff without properly considering Plaintiff's disability, medical limitations, and circumstances.

128    Plaintiff alleges that Defendants treated Plaintiff differently from other similarly situated passengers and individuals who were permitted to remain in transportation facilities without similar enforcement actions.

129    Plaintiff alleges that Defendants' actions and failures to act interfered with Plaintiff's ability to access transportation services and facilities on equal terms.

130    Plaintiff alleges that Defendants' conduct caused Plaintiff physical injury, emotional distress, financial losses, and other damages according to proof.

VIII. DAMAGES

131    As a direct and proximate result of the acts, omissions, and conduct of Defendants, Plaintiff has suffered and continues to suffer damages.

132    Plaintiff has suffered physical injuries, pain, and bodily harm as a result of Defendants' conduct.

133    Plaintiff has suffered emotional distress, humiliation, anxiety, fear, and worsening of existing trauma-related symptoms.

134    Plaintiff has incurred and will continue to incur medical expenses, healthcare-related costs, and expenses for treatment and evaluation of injuries caused or aggravated by Defendants' conduct.

EIGHTH CAUSE OF ACTION
DISABILITY DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION
(Against Applicable Defendants)

135. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

136. Plaintiff is an individual with disabilities within the meaning of applicable federal and state disability access laws.

137. Plaintiff's disabilities affect major life activities, including mobility, walking, standing, and safely accessing transportation services without reasonable accommodation.

138. Plaintiff uses mobility devices, including a wheelchair, and Defendants were repeatedly informed of Plaintiff's disability-related limitations through direct communications, observations, and Plaintiff's requests for accommodation.

139. At all relevant times, Plaintiff was attempting to access transportation services, transportation facilities, waiting areas, boarding areas, and related services available to members of the public.

140. Defendants knew or should have known that Plaintiff required reasonable accommodations in order to have equal access to transportation services.

141. Despite knowledge of Plaintiff's disabilities, Defendants failed and refused to provide reasonable accommodations and modifications necessary for Plaintiff to access transportation services.

142. Defendants denied, restricted, or interfered with Plaintiff's access to transportation services, including but not limited to refusing appropriate seating accommodations, restricting access to waiting areas, denying restroom access, interfering with wheelchair charging, and removing Plaintiff from transportation facilities.

143. Plaintiff repeatedly explained her disability-related needs, including limitations caused by spinal injuries, use of a wheelchair, and inability to safely perform certain physical activities without accommodation.

144. Defendants failed to engage in an individualized assessment of Plaintiff's circumstances and instead relied upon general policies, rules, or practices without considering Plaintiff's disability-related needs.

145. Defendants' conduct caused Plaintiff to experience unequal treatment compared to passengers without disabilities who were able to access transportation services without similar restrictions or barriers.

146. As a direct and proximate result of Defendants' failure to provide reasonable accommodations, Plaintiff suffered physical injury, emotional distress, humiliation, financial losses, loss of transportation access, and other damages according to proof at trial.

147. Plaintiff alleges that Defendants' conduct was a substantial factor in causing Plaintiff's injuries and damages.

LEGAL AUTHORITY IN SUPPORT OF EIGHTH CAUSE OF ACTION

Plaintiff's claims are supported by applicable disability access laws, including but not limited to the following:

The Americans with Disabilities Act ("ADA"), including Title II, which prohibits discrimination by public entities and requires qualified individuals with disabilities to have equal access to public services, programs, and activities.

42 U.S.C. § 12132 provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity.

Title II of the ADA requires public entities to make reasonable modifications to policies, practices, and procedures when necessary to avoid discrimination on the basis of disability.

The Rehabilitation Act of 1973, including Section 504, 29 U.S.C. § 794, prohibits disability discrimination by programs or activities receiving federal financial assistance.

California Government Code section 11135 prohibits discrimination on the basis of disability by entities receiving state financial assistance.

California Civil Code sections 51 and 52, including the Unruh Civil Rights Act, prohibit discrimination in places of public accommodation and provide remedies for denial of equal access based upon disability.

California Civil Code section 54 provides that individuals with disabilities have the same right as the general public to the full and free use of public places, including transportation facilities.

Plaintiff alleges that Defendants' failure to provide reasonable accommodations, reasonable modifications, and equal access violated these protections.

Courts have recognized that disability discrimination claims require consideration of whether reasonable accommodations or modifications were available and whether the requested accommodation was necessary to provide meaningful access.

Plaintiff alleges that the accommodations requested were reasonable, including accessible seating, wheelchair-related assistance, access to facilities, and the ability to safely utilize transportation services.

NINTH CAUSE OF ACTION
VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
(California Civil Code §§ 51–52)
(Against Applicable Defendants)

148. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

149. Plaintiff is an individual protected under the California Unruh Civil Rights Act and is entitled to the full and equal accommodations, advantages, facilities, privileges, and services of all business establishments and places of public accommodation.

150. Defendants, including transportation providers, transportation-related entities, and their employees, agents, and representatives, operate, manage, control, or participate in providing services and facilities open to members of the public.

151. Plaintiff was entitled to equal access to transportation services and facilities without discrimination based upon Plaintiff's disabilities.

152. Plaintiff alleges that Defendants denied Plaintiff full and equal access to transportation services and facilities because of Plaintiff's disability and use of mobility devices.

153. Defendants' discriminatory conduct included, but was not limited to, denying or restricting access to waiting areas, denying restroom access, refusing reasonable accommodations, interfering with wheelchair-related needs, denying accessible seating accommodations, and removing Plaintiff from transportation-related areas.

154. Plaintiff repeatedly informed Defendants and their employees of Plaintiff's disabilities and requested reasonable assistance and accommodations necessary to access transportation services.

155. Despite notice of Plaintiff's disabilities, Defendants failed and refused to provide Plaintiff equal treatment and equal access comparable to other members of the public.

156. Plaintiff alleges that Defendants' conduct was intentional and discriminatory, or was carried out with a deliberate disregard for Plaintiff's rights to equal access and accommodations.

157. As a direct and proximate result of Defendants' conduct, Plaintiff suffered humiliation, emotional distress, physical hardship, financial losses, and other damages according to proof at trial.

158. Plaintiff seeks all available remedies under California Civil Code sections 51 and 52, including statutory damages, actual damages, injunctive relief where applicable, costs, and any other relief permitted by law.

LEGAL AUTHORITY IN SUPPORT OF NINTH CAUSE OF ACTION

California Civil Code section 51, the Unruh Civil Rights Act, provides that all persons are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments regardless of disability.

California Civil Code section 52 provides remedies for violations of Civil Code section 51, including statutory damages and other available relief.

The Unruh Civil Rights Act incorporates protections for individuals with disabilities and requires businesses and public accommodations to provide equal access and reasonable accommodations where necessary.

Plaintiff alleges that Defendants operated, controlled, or participated in the operation of transportation-related services and facilities that qualify as places of public accommodation and/or business establishments under California law.

Plaintiff alleges that Defendants denied Plaintiff equal access because of Plaintiff's disabilities, including Plaintiff's use of a wheelchair and need for disability-related accommodations.

Plaintiff alleges that the repeated denial of accommodations, restrictions on access, denial of restroom access, denial of appropriate seating, interference with wheelchair-related needs, and removal from transportation facilities constituted discriminatory conduct in violation of California law.

Plaintiff alleges that Defendants' conduct was a substantial factor in causing Plaintiff's damages.

TENTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (THE BANE ACT)
(Against Applicable Defendants)

159. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

160. California Civil Code section 52.1 provides a cause of action against any person who interferes or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the State of California.

161. Plaintiff possesses rights protected by federal and state law, including the right to equal access to public transportation services, the right to reasonable disability accommodations, and the right to be free from discrimination based upon disability.

162. Defendants, including their employees, agents, representatives, security personnel, and other involved individuals, interfered with Plaintiff's exercise and enjoyment of these protected rights.

163. Plaintiff alleges that Defendants used threats, intimidation, and coercive conduct to interfere with Plaintiff's protected rights, including but not limited to requiring Plaintiff to leave transportation facilities, threatening arrest, involving law enforcement, denying access to transportation-related areas, and refusing disability-related accommodations.

164. Plaintiff alleges that Defendants' conduct included statements that Plaintiff would be arrested if Plaintiff did not leave, removal of Plaintiff from transportation facilities, removal from a train, and other coercive actions that interfered with Plaintiff's ability to exercise rights protected by disability access laws.

165. Plaintiff alleges that Defendants knew Plaintiff was disabled and nevertheless continued conduct that interfered with Plaintiff's rights to access transportation services and facilities.

166. Plaintiff alleges that the conduct described herein was not a reasonable enforcement of a neutral policy, but instead constituted interference with Plaintiff's protected rights because of Plaintiff's disability-related needs.

167. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, humiliation, fear, financial losses, and other damages according to proof at trial.

168. Plaintiff seeks all available remedies under California Civil Code section 52.1, including damages, statutory remedies where applicable, attorney's fees if permitted, costs, and any other relief allowed by law.

LEGAL AUTHORITY IN SUPPORT OF TENTH CAUSE OF ACTION

California Civil Code section 52.1 creates a private cause of action when a person, whether acting individually or through an agent, interferes or attempts to interfere with another person's constitutional or statutory rights through threats, intimidation, or coercion.

The Bane Act protects rights secured by federal and state law, including rights protected under the United States Constitution, the California Constitution, and California civil rights statutes.

Plaintiff alleges that Defendants' conduct involved coercive actions, including removal from transportation facilities, threats of arrest, involvement of law enforcement, denial of access to transportation-related services, and refusal to provide disability-related accommodations.

The California Supreme Court has recognized that the Bane Act requires a showing of interference with a protected right through an additional element of threats, intimidation, or coercion.

See Venegas v. County of Los Angeles, 32 Cal.4th 820 (2004).

California courts have also recognized that coercive conduct may support a Bane Act claim where defendants interfere with a person's exercise of protected rights.

See Shoyoye v. County of Los Angeles, 203 Cal.App.4th 947 (2012).

Plaintiff alleges that Defendants' conduct went beyond a mere denial of a benefit and included coercive actions intended to restrict Plaintiff's ability to exercise protected disability access rights.

Plaintiff alleges that Defendants' conduct was a substantial factor in causing Plaintiff's injuries and damages.

## DAMAGES ALLEGATIONS

169. Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

170. As a direct and proximate result of Defendants' acts, omissions, conduct, and failures to act as alleged herein, Plaintiff has suffered and continues to suffer damages, including physical injuries, emotional distress, pain and suffering, humiliation, inconvenience, and loss of enjoyment of life.

171. Plaintiff alleges that Defendants' conduct caused Plaintiff to experience physical hardship, emotional distress, fear, anxiety, humiliation, and aggravation of Plaintiff's existing disabilities and injuries, including the difficulties associated with Plaintiff's use of a wheelchair and need for disability-related accommodations.

172. Plaintiff alleges that Defendants' actions and failures to provide reasonable access and accommodations caused Plaintiff to incur economic damages, including but not limited to additional transportation expenses, replacement travel costs, and other out-of-pocket expenses according to proof at trial.

173. Plaintiff alleges that as a direct result of the April 29–30, 2026 Amtrak incident, Plaintiff was required to obtain alternative transportation and purchase an airline ticket to Chicago in the approximate amount of $492.

174. Plaintiff alleges that Defendants' conduct resulted in repeated barriers to transportation access, requiring Plaintiff to expend additional time, effort, and financial resources to obtain transportation services and accommodations that should have been available.

175. Plaintiff alleges that all damages suffered were caused by, and were a substantial factor resulting from, the acts and omissions of Defendants as alleged herein.

176. Plaintiff alleges that the exact amount of damages will be proven at trial and seeks all damages available under applicable law, including compensatory damages, economic damages, non-economic damages, statutory damages where applicable, costs of suit, and any other relief the Court deems proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against Defendants, and each of them, as follows:

177. For compensatory damages according to proof at trial, including damages for physical injuries, emotional distress, pain and suffering, humiliation, inconvenience, and loss of enjoyment of life;

178. For economic damages according to proof, including transportation expenses, replacement travel costs, out-of-pocket expenses, and other financial losses caused by Defendants' conduct;

179. For statutory damages and any other damages available under applicable disability rights laws, including the ADA, California Unruh Civil Rights Act, California Civil Code section 52.1, and other applicable laws;

180. For costs of suit incurred herein and any other costs allowed by law;

181. For injunctive, declaratory, or other equitable relief as permitted by law;

182. For pre-judgment and post-judgment interest as allowed by law;

183. For such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

184. Plaintiff requests that all claims and issues that are properly tried before a jury be submitted to a jury for determination.

July 28th, 2026
Philice Scovell
Respectfully Submitted
Plaintiff Pro Se